IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD PHILLIP YEAGER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS | : | NO. 16-104 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                              DATE:  3/29/2016
UNITED STATES MAGISTRATE JUDGE

      This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual who, at the time of filing, was incarcerated at the State Correctional Institute at Mercer, Pennsylvania.  The Commonwealth has filed a motion seeking the dismissal of this petition as moot, because Yeager was subsequently released on parole.  Yeager has not responded to this motion.  As set forth below, I recommend that the Commonwealth's unopposed motion be granted, and the petition dismissed as moot.

      Yeager filed a petition for habeas corpus relief on or about January 8, 2015.  In it, he maintained that he was wrongfully denied parole because he refused to admit guilt in the crime for which he was incarcerated.  Petition at §12.  The Commonwealth has demonstrated that Yeager was released on parole on February 9, 2015.  Order to Release on Parole/Reparole, attached to Commonwealth's Motion as Exhibit B.

      Even if the Court were to rule in Yeager's favor on his petition, there is no relief it could grant, since the relief sought was the parole which he has already obtained.  <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998); <u>Mathews v. Hendricks</u>, Civ. A. No. 04-4033, 2005 WL 1115967 at *2 (D.N.J. May 6, 2005).  Accordingly, there is no "case in controversy" under Article III of the United States Constitution granting federal jurisdiction over Yeager's claim.

Spencer, supra, at 7.  As in Spencer, Yeager's petition is appropriately dismissed as moot.  I note again that Yeager has not opposed the Government's motion.

**The petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.**

Based on the foregoing, I make the following:

## RECOMMENDATION

AND NOW, this 29th day of March, 2016, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS MOOT There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE