IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD PHILLIP YEAGER, JR.** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 16-104 |
| : | |
| **PENNSYLVANIA DEPARTMENT** : | |
| **OF CORRECTIONS, et al.,** : | |
| Respondents. : | |

### O R D E R

On January 8, 2016, state prisoner Donald Phillip Yeager, Jr., proceeding *pro se*, sought habeas relief, challenging his denial of parole on various grounds. (Doc. No. 1.) The Commonwealth Respondents have moved to dismiss the Petition on the grounds that it is moot. (Doc. No. 5.) I referred the matter to Magistrate Judge Hart, who has recommended denying relief because the Petition has been rendered moot by Petitioner's release from custody. (Doc. No. 7.)

No objections to the Report and Recommendation have been raised. (Doc. No. 9.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no clear errors. As Judge Hart found, Petitioner was paroled on February 9, 2015. In these circumstances, the Petition is moot because Petitioner has alleged no collateral consequences of his conviction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (prisoner's habeas petition becomes moot upon release unless he can demonstrate some persisting "collateral consequence" that is "likely to be redressed by a favorable judicial

decision"); Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) ("After a petitioner's release from custody, we consider his habeas case moot unless he 'can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand.'").  Indeed, as in Burkey v. Marberry, Petitioner has attacked only what the Department of Corrections has done, not the reasonableness or validity of his instant parole term.  See 556 F.3d 142, 148 (3d Cir. 2009).  I thus need not presume collateral consequences.  Id.  Accordingly, I will adopt Judge Hart's Recommendation, grant the Government's Motion to Dismiss, and deny the Petition as moot.

\* \* \*

**AND NOW**, this 18th day of April, 2016, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), and after review of Judge Hart's Report and Recommendation (Doc. No. 7), it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED as moot**;

2. The Commonwealth's Motion to Dismiss Petition (Doc. No. 5) is **GRANTED;**

3. The Magistrate Judge's Report and Recommendation (Doc. No. 7) is **APPROVED AND ADOPTED**;

4. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.